EMMA ROOSA *vs.* BOSTON LOAN COMPANY.

Middlesex.   Jan. 10. — March 3, 1882.   LORD, FIELD & C. ALLEN, JJ.,
absent.

The statement by a patient to his physician of the cause of an injury from which
he is suffering, is inadmissible as evidence of that cause in an action for the
injury.

TORT for assault and battery.   At the trial in the Superior
Court, before *Brigham*, C. J., the jury returned a verdict for the
plaintiff; and the defendant alleged exceptions, which appear
in the opinion.

*N. B. Bryant*, for the defendant.

*G. W. Morse*, for the plaintiff.

ENDICOTT, J.   When the bodily or mental feelings of a party
are to be proved, his exclamations or expressions indicating pres-
ent pain or malady are competent evidence; and in *Bacon* v.
*Charlton*, 7 Cush. 581, 586, where this rule is stated, it was said
by the court: " Such evidence, however, is not to be extended
beyond the necessity on which the rule is founded.   Anything
in the nature of narration or statement is to be carefully ex-
cluded, and the testimony is to be confined strictly to such com-
plaints, exclamations and expressions as usually and naturally
accompany, and furnish evidence of, a present existing pain or
malady."   The opinion closes with this precaution: " These
remarks as to the limitation of the rule are not intended to
apply to the statements made by a patient to a medical man, to
which a different rule may be applicable."

In *Chapin* v. *Marlborough*, 9 Gray, 244, it was held, on the
authority of *Bacon* v. *Charlton*, that a physician could not testify
to a statement made by the plaintiff, that his leg had been
struck by a horse.   And in *Barber* v. *Merriam*, 11 Allen, 322,
the question arose, whether the plaintiff's statements to her phy-
sician, made after the suit was brought, as to the character and
seat of her injuries and sensations, were competent.   The only
point decided was, that such statements to her medical adviser,
as to the character and seat of her injuries and sensations,
were admissible.   *Aveson* v. *Kinnaird*, 6 East, 188, 195, and the

*Gardner Peerage case*, 78, 172, 175, are cited as authorities, where the statements of a patient to a physician of symptoms and complaints are held to be competent evidence.

In *Illinois Central Railroad* v. *Sutton*, 42 Ill. 438, the plaintiff was ejected from a train. He contended that he had been suffering from disease, and that it was aggravated by the walk which he was obliged to take by reason of his expulsion. His physician testified as to his condition, and also that he was informed by the plaintiff that his present condition was caused by over exertion in walking. The court held that the statements of a patient to a physician of his pain and suffering, and in regard to his bodily condition, are competent to enable him to form an opinion as to the extent and nature of his injuries; but that it was not competent for the physician to testify to the plaintiff's statements as to the specific cause of the injury, that being one of the issues before the jury.

The facts in that case, as in *Chapin* v. *Marlborough*, are similar to those recited in this bill of exceptions. The plaintiff here testified that she was struck in the stomach by the defendant's servant. The physician in answer to the question, "What did the plaintiff tell you about her condition?" replied, "She stated that she had received a blow in the stomach." It would clearly have been competent for a physician, after having testified to the condition of the plaintiff, and to the complaints and symptoms of pain and suffering stated by her, to have given his opinion that they were such as might have been expected to follow the infliction of a severe blow. Such evidence was admitted without objection. But it was not competent for the physician to testify to her statement that she had received a blow in the stomach.

While a witness, not an expert, can testify only to such exclamations and complaints as indicate present existing pain and suffering, a physician may testify to a statement or narrative given by his patient in relation to his condition, symptoms, sensations, and feelings, both past and present. In both cases these declarations are admitted from necessity, because in this way only can the bodily condition of the party, who is the subject of the injury, and who seeks to obtain damages, be ascertained. But the necessity does not extend to declarations by the

party as to the cause of the injury, which is the principal subject matter of inquiry, and which may be proved by other evidence.

No case has been called to our attention, and we are not aware of any case, where such evidence has been admitted. *Emerson* v. *Lowell Gas Light Co.* 6 Allen, 146. *Fay* v. *Harlan*, 128 Mass. 244. *Morrissey* v. *Ingham*, 111 Mass. 63. *State* v. *Davidson*, 30 Vt. 377. *Willis* v. *Bernard*, 8 Bing. 376.

*Exceptions sustained.*