## COMMONWEALTH *vs.* SUMNER P. SMITH.

Middlesex.   January 13, 1913. — February 24, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Abortion. Evidence,* Statements of symptoms to physician, Dying declarations under R. L. c. 175, § 65. *Words,* "Abortion."

At the trial of an indictment for an unlawful attempt to procure the miscarriage of a woman, in consequence of which she died, the statements made by the woman to her attending physician of her bodily ailments and symptoms, for the purpose of enabling him to give proper medical advice and treatment by forming an opinion as to the cause of such ailments and symptoms, are admissible in evidence.

*Whether,* at the trial of an indictment for an unlawful attempt to procure the miscarriage of a woman, in consequence of which she died, a statement made by the woman to her attending physician, not made as a dying declaration under R. L. c. 175, § 65, that an abortion recently had been performed upon her, is admissible in evidence against an exception of the defendant, even if the judge gives a clear and explicit direction to the jury that the statement of the woman to her physician is not competent to show that an abortion had been performed upon her, or, if such was the case, that the defendant had committed it or in any way had participated in it, here was referred to as a doubtful question under the decision in *Commonwealth* v. *Sinclair,* 195 Mass. 100.

At the trial of an indictment for an unlawful attempt to procure the miscarriage of a woman, in consequence of which she died, in admitting in evidence dying declarations of the woman, under R. L. c. 175, § 65, her statement that the defendant had performed an abortion upon her and other statements referring to "the abortion" properly may be admitted as parts of such declarations, because the word "abortion" does not of itself import a charge of any criminal intent and such statements may be regarded as statements of fact rather than of opinion.

INDICTMENT, found and returned on September 4, 1911, under R. L. c. 212, § 15, charging that the defendant on August 4, 1911, at Lowell, with intent to procure the miscarriage of a woman named, did unlawfully use a certain instrument upon the body of such woman, and that in consequence thereof she died.

In the Superior Court the defendant was tried before *Mc-Laughlin*, J., and in the course of the trial excepted to the admission of certain evidence as described in the opinion. The judge "gave ample instructions to the jury, to which no exceptions were taken by the defendant." The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. J. Harvey*, (*W. H. Wilson* with him,) for the defendant.

*J. J. Higgins*, District Attorney, for the Commonwealth.

SHELDON, J. The defendant was charged with having performed an illegal operation upon Katherine Roark, in consequence whereof she died. Her statements to her attending physicians of her bodily ailments and symptoms, made for the purpose of enabling them to give proper medical advice and treatment by forming an opinion as to the cause of such ailments and symptoms, rightly were admitted. *Commonwealth* v. *Sinclair*, 195 Mass. 100, 108. It might be harder to sustain the admission of her further statement to them, not made as a dying declaration under R. L. c. 175, § 65, that an abortion had been recently performed upon her, if the defendant had excepted to its admission; *Commonwealth* v. *Sinclair, ubi supra;* but this does not appear. After the defendant's general objection to the admission of anything said by her to Dr. Whelan had been properly overruled, and after a consultation between counsel and the judge, that witness testified without objection that she said that an abortion had been performed upon her in Lowell, and the two last words were ordered stricken out by the judge. The witness then described his own physical examination of her, and was asked by the district attorney what was the opinion that he formed as to her condition. The question was not objected to, and the witness answered, "My opinion was that she was suffering from general peritonitis following a criminal abortion." The judge said that he did not understand that there was any objection to this answer; the defendant's counsel replied that he objected to the words "criminal abortion;" the judge ordered

the word "criminal" stricken out; and there was no further objection or exception as to this. The defendant again, a little further on in the examination of this witness, objected and excepted to "anything upon which he based his opinion;" but that was all, and of course the exception thus taken cannot be sustained.

Dr. Scannell, the other attending physician, also testified without objection that the woman told him that she had had an abortion done on her on August 4, in Lowell; and the defendant's counsel merely asked to have the words "in Lowell" stricken out. The witness then was asked, "Now will you tell us everything that she told you which was important and useful or helpful to you as a basis upon which to form your opinion about her condition and the cause of it?" The defendant saved a general exception to this question and to the answer which had not yet been made; but this general exception cannot be sustained for the reasons already stated. In reply, the witness said among other things that she told him that she had had an abortion performed; but there was no motion to strike this out, although another part of his answer was objected to and upon the objection was ordered stricken out.

It seems plain to us under these circumstances that the defendant did not care to save any specific exception to the admission of this statement; and this was probably because of the clear and explicit direction given by the judge to the jury that the woman's statements to the physicians were not competent to show that an abortion had been performed upon her, or that, if such was the case, the defendant had committed it or in any way participated in it. Accordingly we need not consider whether, under the decision in *Commonwealth* v. *Sinclair*, 195 Mass. 100, the admission of this testimony could have been sustained upon the ruling which was made.

The woman's dying declarations, both written and oral, were admitted in evidence. This was proper. But in these declarations she said that the defendant had performed an abortion upon her, and referred to "the abortion" in other parts of her declarations. Besides a general exception to the admission of her dying declarations, the defendant specifically excepted to the admission of these statements. He contends that

these were merely her opinion or conclusion that what the defendant had done to her had caused her miscarriage and had been done for that purpose and with that intent; and that if she had been a witness she could have stated merely what the defendant had said and done, and that only the jury could have drawn inferences therefrom. Undoubtedly her dying declarations were admissible only to those things to which she could have testified if she had been living and had been sworn as a witness. 1 Greenl. on Ev. § 159. And see the cases collected in 10 Am. & Eng. Encyc. of Law, (2d ed.) 377, and 21 Cyc. 988. But the defendant's contention is not well founded. In common language and in its legal acceptation the word "abortion" means simply a miscarriage, the premature delivery or expulsion of a human foetus before it is capable of sustaining life. It does not of itself import a charge of any criminal intent. 1 Words and Phrases, 20. 1 Am. & Eng. Encyc. of Law, (2d ed.) 186 *et seq.* 1 Cyc. 170, *et seq.* Her statement was simply the summing up of what the defendant, as she said, had done to her, and of the effect or result which had followed therefrom. It was a statement of fact rather than of opinion. It comes within the rule of our decisions. *Commonwealth* v. *Sturtivant*, 117 Mass. 122, 133, 134. *Commonwealth* v. *O'Brien*, 134 Mass. 198. *Beverley* v. *Boston Elevated Railway*, 194 Mass. 450. *Partelow* v. *Newton & Boston Street Railway*, 196 Mass. 24. *Gorham* v. *Moor*, 197 Mass. 522, 523, 524. In *Commonwealth* v. *Thompson*, 159 Mass. 56, 59, a physician testified that the cause of the death of a woman whom he had attended was the performance of an abortion upon her with instruments when she was advanced in pregnancy about five months. The court said in passing upon an exception taken both to this testimony and to the question which had called for it, that the only element of opinion involved in it beyond what an ordinary eyewitness might be supposed competent to express, was whether the injuries caused her death. As this was the ground upon which the exception was overruled, it was really a decision that any eyewitness could have testified that the defendant did perform an abortion upon the woman. That is enough for this case. In *State* v. *Wood*, 53 N. H. 484, 488, the defendant was indicted for the murder of a woman, alleged to have been committed by operating upon her for the purpose

of procuring an abortion. In his defense he was allowed to show her dying declaration that "she had been operated on" by another person "to procure an abortion."

This precise question has been decided elsewhere against the contention of the defendant. *Worthington* v. *State,* 92 Md. 222, 242 *et seq. Hawkins* v. *State,* 98 Md. 355. *State* v. *Leeper,* 70 Iowa, 748, 750. Dying declarations of somewhat similar purport were held to be admissible in *Maine* v. *People,* 9 Hun, 113, 116; *Shenkenberger* v. *State,* 154 Ind. 630, 636; *Lipscomb* v. *State,* 75 Miss. 559; *State* v. *Mace,* 118 N. C. 1244.

These declarations did not attempt to state the purpose of the defendant, as in *Montgomery* v. *State,* 80 Ind. 338, 346, or a conclusion of law, as in some of our own cases. The other decisions cited in behalf of the defendant do not seem to us to warrant his contention.

We need not consider the other exceptions in detail. They cannot be sustained. The judge gave ample instructions to the jury; and these were not excepted to, and must be taken to have been not only full, but wholly correct.

*Exceptions overruled.*