COMMONWEALTH *vs.* FRANK COLANGELO.

Suffolk.   March 9, 1926. — May 28, 1926.

Present: BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Carnal Knowledge and Abuse. Evidence,* Competency, Remoteness. *Practice, Criminal,* Judge's charge, Exceptions.

Where, at the trial of an indictment charging carnal knowledge and abuse of a female child under sixteen years of age, it appeared that the child was the defendant's stepdaughter, and in direct testimony she stated that on previous occasions the defendant had treated her with indecency, that at the time of the offence charged she did not tell her mother or any one else, that she at once ran away to New York City and that she did not write her mother because "It was no use," she properly may be asked in redirect examination, "What facts led you to that conclusion?" and her answer, "Before when I told her she didn't say anything," is admissible.

At the trial of the indictment above described, where it appeared that the offence was alleged to have been committed on November 30, 1924, testimony by physicians as to examination of the child in April, 1925, was admissible in the discretion of the trial judge.

A physician properly was permitted to relate in testimony at the trial above described, as a basis for his opinion upon the condition of the child's body, statements by the child to him at the time of her examination by him, the judge instructing the jury when the evidence was admitted that the girl's statement to the physician in regard to what happened to her was not evidence as to whether the defendant did anything to her or not.

INDICTMENT, found and returned on April 7, 1925, charging that the defendant did carnally know and abuse a female child under the age of sixteen years.

In the Superior Court, the indictment was tried before *Bishop,* J. It appeared that the child named in the indictment was the defendant's stepdaughter and that she testified that on previous occasions the defendant had committed indecencies with her; that at the time of the offence charged she did not tell any one, did not tell her mother; that she immediately ran away to the city of New York. In redirect examination she testified that she did not write to her mother because "It was no use." Subject to exception by the

defendant, she then was asked, "What facts led to that conclusion?" and answered, "Before when I told her she didn't say anything."

Dr. Martha W. Lovell, testifying for the Commonwealth, stated that she had made an examination of the complaining witness, and, subject to exception by the defendant, but under the instructions by the judge described in the opinion, testified, "She told me that on one occasion around Thanksgiving sexual intercourse had been had with her and that before that on other occasions that the fingers had been placed in her vagina, private parts."

Other material evidence and exceptions by the defendant are described in the opinion. The defendant was found guilty. The motion for a new trial referred to in the opinion was based on alleged newly discovered evidence. It was denied. The defendant alleged exceptions.

*J. L. Sheehan,* (*F. P. Fralli* with him,) for the defendant.

*C. G. Smith, Jr.,* Assistant District Attorney, for the Commonwealth.

WAIT, J.   These exceptions are without merit. It was a material circumstance that the injured girl made no complaint to her mother immediately after the alleged assault upon her. Evidence to account for this was competent. The question to the daughter with its answers were admitted properly. *Commonwealth* v. *Rollo,* 203 Mass. 354.

The testimony of the doctors was rightly admitted. Whether an examination made in April, 1925, was too remote from the time of the alleged assault about Thanksgiving in 1924, was for the trial judge to decide. *Commonwealth* v. *Regan,* 175 Mass. 335. We cannot say he was wrong in admitting the evidence.

The statement that the intercourse had taken place around Thanksgiving was not admissible as proof of the fact, and could not be introduced to establish the fact in the form of testimony by a physician to what a patient or subject for examination had told him. *Commonwealth* v. *Sinclair,* 195 Mass. 100. Nor was it admissible as a fresh complaint. *Commonwealth* v. *Cleary,* 172 Mass. 175. The judge instructed the jury when it was admitted that the girl's state-

ment to the physician in regard to what happened to her was not evidence as to whether the defendant did anything to her or not. The statements were admissible as a basis for the physician's opinion upon the condition of her body. *Barber* v. *Merriam,* 11 Allen, 322. *Commonwealth* v. *Smith,* 213 Mass. 563. We cannot assume that the jury disregarded the judge's instruction. *Commonwealth* v. *Ham,* 150 Mass. 122.

No question of law is presented by the denial of the motion for a new trial.

*Exceptions overruled.*