COMMONWEALTH *vs.* ROBERT GARDNER.

Suffolk.    April 4, 1966. — May 3, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Evidence,* Opinion: expert; Of state of mind; Relevancy and materiality; On redirect examination; On cross-examination. *Waiver. Practice, Criminal,* Waiver.

At the trial of an indictment for rape, where a gynecologist testified as to his examination of the alleged victim's person and clothing, as to her emotional state observed by him, and that he had been given by her an account of "what happened," it was reversible error in the circumstances to admit the witness's opinion that there had been "forcible entry." [665–667]

The defendant in a criminal case waived motions for specifications by proceeding to trial without pressing them.    [667]

At the trial of an indictment for rape, it was relevant to the issue of consent to show that the victim feared that the defendant might have been a certain notorious "Strangler."    [667–668]

A hospital record was not admissible at the trial of an indictment for rape for the purpose of showing that the victim was not a virgin before the alleged attack.    [668]

No error was shown at a criminal trial in the admission of testimony of a witness for the Commonwealth on redirect examination as to a subject opened by the defendant on cross-examination.    [668]

There was no error at a criminal trial in allowing, on cross-examination of a defence witness who had investigated the case for the defendant, a question whether the witness would have included in his report information incriminating the defendant.    [669]

INDICTMENTS found and returned in the Superior Court on September 16, 1964.

The cases were tried before *Smith, J.*

*Paul G. Holian* for the defendant.

*Jack I. Zalkind,* Assistant District Attorney (*Robert Snider,* Legal Assistant to the District Attorney, with him), for the Commonwealth.

SPALDING, J.   The defendant was found guilty upon indictments charging rape (G. L. c. 265, § 22) and unnatural and lascivious acts (G. L. c. 272, § 35).[1]   The cases come here by appeal under G. L. c. 278, §§ 33A–33G, with numerous assignments of error.

1.   Two assignments of error (Nos. 12 and 13) allege that the court erred in denying the defendant's motions for directed verdicts on both indictments.   These assignments cannot be said to have been argued within the meaning of Rule 13 of the Rules for the Regulation of Practice before the Full Court, 345 Mass. 787.   See *Commonwealth* v. *Agiasottelis,* 336 Mass. 12, 14; *Lolos* v. *Berlin,* 338 Mass. 10, 14.   We have, however, examined the transcript of the evidence with care and are satisfied that the defendant's motions for directed verdicts were rightly denied.   No purpose would be served by a recital of the evidence.

2.   The defendant assigns as error (assignment No. 6) the allowance of questions put by the prosecutor to the physician (a gynecologist) who examined the victim shortly after the alleged attack took place.   Prior to answering these questions, the witness had testified that the victim was crying and was somewhat hysterical when he first saw her, that she related certain information to him, and that he examined her clothing and noted that the pockets of her blouse were ripped and that the zipper on her skirt was broken.   He also testified that she had a bruise on her left breast and bruises "bilaterally on both arms."   On the basis of a physical examination he concluded that she had engaged in intercourse within twelve hours of the examination.   This evidence was admitted without objection.   The witness was then asked: "Doctor, based upon your medical training and based upon your observations of the person of this young lady and based upon . . . [her] emotional state . . . , did you on that evening form an opinion as to whether or not there had been a forcible entry?"   After stating

---

[1] The defendant was also charged with the possession of obscene, indecent and impure photographs, but the judge directed a verdict for the defendant on this indictment.

that he had formed an opinion, the witness was permitted to state that he "thought that there was forcible entry." This evidence was admitted subject to the defendant's exceptions. Immediately thereafter, the judge asked the witness if he had been given "a history from the patient as to what happened," and the witness stated that he had. The judge then asked him whether that statement by the victim had formed "any part or basis of . . . [his] opinion." The witness answered, "Well, . . . I would say yes."

The questions put by the prosecutor should have been excluded. It is not improbable that a jury would regard medical testimony that acts of intercourse had been accomplished by a "forcible entry" as tantamount to testimony that the victim was raped. Thus, the defendant argues (citing *Holland* v. *Commonwealth,* 272 S. W. 2d [Ky.] 458, 460), the questions were inadmissible because they permitted the witness to give an opinion on the ultimate question in issue; it was tantamount, he contends, to asking the witness if in his opinion the defendant was guilty. As we said in *Commonwealth* v. *Chapin,* 333 Mass. 610, 625, in considering an exception to the admission of a psychiatrist's opinion of the defendant's sanity at the time he committed the crime: "If the real ground of this assignment is that the answer to the question is the precise point to be determined by the jury, this is not a valid objection where the judge could find that the witness was qualified to express an opinion in the domain of professional knowledge which would be of assistance to the jury." See Wigmore on Evidence (3d ed.) §§ 1920, 1921; McCormick on Evidence, § 12. Here, however, the error in admitting the questions was that they permitted the witness to base his opinion on factors outside the area of his professional competence. More specifically, the questions invited the witness to consider the emotional state of the victim. The content of his prior testimony, moreover, suggests that the bruises on the victim's arms and breast provided some basis for his conclusion. And, immediately following the witness's answers, the judge's questions elicited the fact that his opinion was

in part based upon the victim's own statement to him of what had happened.[2] We are not persuaded that a gynecologist, or other expert, possesses skills or special experience which might enable him to determine, from factors such as these, that acts of intercourse amounted to rape. In fact, the witness admitted upon cross-examination that he could not have reached the conclusion he did solely on the basis of his physical examination of the victim. Where the jury are equally capable of drawing the conclusion sought from an expert witness, the expert's testimony is inadmissible. See *New England Glass Co.* v. *Lovell,* 7 Cush. 319; *Commonwealth* v. *Russ,* 232 Mass. 58, 72–73; *Jackson* v. *Anthony,* 282 Mass. 540, 544.

We are of opinion that the possible prejudice to the defendant by the admission of this evidence was such that he is entitled to a new trial on the charge of rape. The question of the defendant's guilt or innocence rested in large part upon whether the jury believed the victim's version of what happened or the defendant's. In these circumstances the witness's opinion, presented as the unbiased testimony of an expert, could have substantially influenced the jury's decision as to whom to believe.

3. By assignment No. 14 the defendant contends that the failure of the court to allow motions for specifications entitles him to a new trial on both convictions. By proceeding to trial without having sought a decision on the motions, the defendant waived them. *Preston* v. *Neale,* 12 Gray, 222. *Hill* v. *Trustees of Glenwood Cemetery,* 323 Mass. 388, 393, and cases cited. Moreover, the indictments were in the form prescribed by statute and gave the defendant all the information necessary to prepare his defence. G. L. (Ter. Ed.) c. 277, § 79. See *Commonwealth* v. *Binkiewicz,* 342 Mass. 740, 747.

4. Assignments Nos. 1 and 3 complain of the prosecutor's statement in his opening that the victim feared that

---

[2] The problems involved where an opinion rests on hearsay are discussed in *Commonwealth* v. *Russ,* 232 Mass. 58, 74. See also *Commonwealth* v. *Sinclair,* 195 Mass. 100, 108–109; *Commonwealth* v. *McGruder,* 348 Mass. 712, 714, and cases cited.

the defendant might have been the "Boston Strangler," and of his later elicitation of testimony from the victim to this effect. Generally, counsel is free to state in his opening anything that he expects to be able to prove by evidence. *Commonwealth* v. *Makarewicz,* 333 Mass. 575, 583. The victim's state of mind was relevant to the issue of consent (*Commonwealth* v. *Dies,* 248 Mass. 482, 489), and we do not perceive in the comments or testimony any insinuation that the defendant was in some way connected with the crimes or person known as the "Boston Strangler."

5. Assignment No. 7 challenges the denial of the defendant's motion to introduce the record from the hospital where the victim was examined. It is apparent from the transcript that the defendant was seeking by this record to show that the victim was not a virgin prior to the alleged attack. Although evidence of a general reputation for unchastity may be admitted in rape cases, evidence of instances of prior intercourse with other persons is inadmissible. *Commonwealth* v. *Harris,* 131 Mass. 336. See *Miller* v. *Curtis,* 158 Mass. 127, 131; *Commonwealth* v. *Dies,* 248 Mass. 482, 489. Nor was this evidence admissible to impeach the victim's credibility, since she had not testified on the subject of her virginity.

6. Assignments Nos. 8 and 11 concern the judge's failure to exclude testimony relating to photographs of nude females, three of which were found in the defendant's apartment, and one of which was in the possession of the victim. Before these exceptions were taken, the photographs had been put in evidence without objection and the victim had testified about the defendant's use of them. Subsequently, a directed verdict was granted on the charge relating directly to the photographs, and this, the defendant argues, terminated their relevancy to the issues being tried. Assignment No. 8 goes to the admission of the victim's testimony on redirect as to why she took one of the pictures with her. This subject had been reopened by the defendant in cross-examining the victim just prior to the challenged testimony. Moreover, the testimony was self-serving only

in the sense that most testimony may be so characterized, and it was not, in view of the prosecutor's rephrasing of the question, hearsay. See *Commonwealth* v. *Fatalo,* 345 Mass. 85, 86–87. Assignment No. 11 challenges the failure to exclude the question put to the defendant on cross-examination: "Were you going to somehow use them [the photographs] for a background in a painting, sir?" Although this facetious question should not have been asked, we cannot see how the defendant could have been prejudiced by it in view of both his own and the victim's prior testimony concerning the photographs and their introduction in evidence.

7.   The defendant complains (assignment No. 10) of the failure to exclude a question put by the prosecutor to a defence witness who testified that he had investigated the case for the defendant. The witness was asked whether he would have included in his report information which would incriminate the defendant. In view of the broad range of inquiry open to counsel on cross-examination, the judge did not err in allowing this question. See *Commonwealth* v. *Corcoran,* 252 Mass. 465, 486.

8.   The judgment on the rape indictment (No. 13,904) is reversed and the verdict is set aside. The judgment on the indictment charging unnatural and lascivious acts (No. 13,903) is affirmed.

*So ordered.*