JAMES GANNON'S CASE.

Suffolk.     April 4, 1967. — June 5, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER,
& REARDON, JJ.

*Evidence,* Opinion: expert.

Opinions of medical experts that alleged industrial injuries suffered by the employee were causally related to disabilities for work on his part were rightly admitted at the hearing of a workmen's compensation case in the Industrial Accident Board where it appeared that each of the experts had examined the employee after the commencement of his latest disability, that he had related to the experts substantially the same history of industrial injuries as that to which he testified, and that the experts testified after the employee testified, even though the medical records and reports made prior to the experts' examinations of the employee contained little reference to any industrial injuries.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Tomasello, J.*

*Anthony D. Pompeo* for the self-insurer.

*Laurence S. Locke* for the employee.

SPALDING, J. The employee in this workmen's compensation case claimed total disability and dependency benefits for three periods between June 17, 1958, and July 4, 1962, and from November 9, 1962, and continuing.

Certain of the single member's findings were based upon undisputed evidence. The employee was a truck driver and platform worker for Associated Transport, Inc., a self-insurer. He was an extremely obese man weighing in excess of 300 pounds. Since early in 1957, he was treated on numerous occasions for swelling, dermatitis, ulceration, phlebitis, and other complications of his left leg and foot. As the result of these difficulties, the employee was disabled for work from June 17 to August 3, 1958, and from December 13, 1961, to February 28, 1962. In addition, since May, 1962, he was treated several times for heart trouble. As the result of his heart condition, he was disabled for work from May 1 to July 4, 1962, and from November 9, 1962, and continuing.

The only portions of the member's findings which were based upon conflicting evidence related to the cause of these disabilities. The employee testified that in the course of his work he sustained injuries to his left leg and foot in February, 1957, March and June, 1958, February, April, and October, 1961, and April, 1962. He also testified that he suffered injury and pain in his chest while working in April, September, and November, 1962. These various injuries were not fully reflected in the medical records and reports which were admitted in evidence. The records and reports made at the time of his disabilities contain little reference to any industrial accident. Only the reports of doctors who examined him in 1963 or later contain detailed references to the injuries testified to by the employee.

At the hearing before the single member, the employee's counsel directed questions to several expert medical witnesses relating to the cause of the disabilities. The self-insurer's objections to certain of these questions were denied, and exceptions were saved. Based primarily upon the medical witnesses' opinions which thus were admitted subject to the self-insurer's exceptions, the single member found that the employee's disabilities were causally related to injuries sustained in the course of his employment. The member awarded total disability compensation and dependency benefits to the employee for the periods claimed.

The self-insurer claimed a review and by a motion renewed its objections and exceptions to the questions asked the expert witnesses; the motion also asked that these questions and the answers thereto be struck. The reviewing board adopted and affirmed the member's findings and decision (with a slight modification not here material), and denied the motion subject to the self-insurer's exception. Upon certification, the Superior Court entered a final decree in accordance with the board's decision. The self-insurer appealed.

The primary question presented is whether the medical witnesses were properly allowed, in answer to certain questions of the employee's counsel, to state their opinions relative to the cause of the employee's disabilities. To set forth each of the questions and answers of which the self-insurer complains would unnecessarily prolong this opinion.[1] The form of the questions is not at issue. The self-insurer's sole contention is that, since the medical records and reports made between 1958 and 1962 contain no specific reference to the alleged industrial injuries, there was not sufficient evidence of such injuries to warrant an expert opinion that the disabilities were causally related to them.

That the employee, prior to 1963, appears not to have informed any doctor of the numerous injuries he claimed to

---

[1] The self-insurer's objections pertain to approximately fifteen questions asked of three medical witnesses. Two of the witnesses had been called by the employee and the other by the self-insurer.

have suffered certainly was a relevant fact for the member to consider in making his decision. But we find no support for the proposition that expert medical opinion must be based exclusively upon records made at the time of injury. In *Commonwealth* v. *Russ,* 232 Mass. 58, at p. 73, we said, "The [expert] witness . . . may base his opinion . . . upon facts assumed in the questions put to him and supported either by admitted facts or by the testimony of other witnesses already given . . . . [I]t is permissible to ask an expert witness if he has formed an opinion from his observations and examination and from testimony heard in court as to the point in issue about which he is qualified to give evidence."

The medical experts of whose testimony the self-insurer complains each examined the employee on one or more occasions in 1963 or later. Their reports, which were admitted in evidence by agreement of the parties, indicate that the employee had related to them substantially the same history of industrial injuries as to which he testified. At the time these experts' opinions were admitted in evidence, the employee had already testified. The expert witnesses could properly base their opinions on the employee's testimony and the results of their own examinations, as well as upon the medical records and reports made prior to 1963. There was thus a sufficient evidential basis, with regard to the alleged injuries, to warrant opinions that they were causally related to the disabilities.

Since there was no error in the board's denial of the self-insurer's motion to exclude the expert opinions, we need not consider the self-insurer's second contention that, absent such opinions, the board's decision was not warranted by the evidence.

The decree is affirmed. Costs of appeal are to be determined by the single justice.

*So ordered.*