COMMONWEALTH *vs.* CARROLL WESLEY HOWARD.

Essex. March 4, 1969. — April 3, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Evidence,* Opinion: expert; Statements to doctor; Corroborative evidence; "Fresh complaint." *Error,* Whether error harmful.

In the absence of statutory modifications, testimony by a physician to statements made to him by his patient concerning the cause of an injury from which he is suffering is inadmissible even as a basis for the physician's opinion as to the condition of the patient's body. *Commonwealth* v. *Sinclair*, 195 Mass. 100, 108–109, followed. *Commonwealth* v. *Colangelo*, 256 Mass. 165, 166–167, overruled. [529]

At the trial of an indictment charging carnal knowledge and abuse of a female child under sixteen years of age, there was no prejudicial error in the circumstances in permitting the doctor who had examined the child after the alleged crime to testify, as part of her medical history and "on the medical aspect of the case and that alone," to statements made to him by her as to various acts of molestation of her by the defendant on a date or dates not specified where it appeared that the statements were part of a continuous series of complaints made by the child sufficiently soon after the alleged crime to constitute "fresh" complaints, that the statements were admitted only to corroborate the child's own testimony about the defendant's acts and the judge care-

fully so instructed the jury, and that the statements were cumulative and merely a summary of later testimony given by the child and her mother. [529–530]

At the trial of an indictment charging carnal knowledge and abuse of a female child under sixteen years of age, there was no prejudicial error in the circumstances in permitting the doctor who had examined the child after the alleged crime to give his opinion that the "probable cause of the widening . . . in the private area of this little girl" was "a male organ penetration," although such opinion was based in part upon hearsay history given to him by the child, where it appeared that such history was essentially the same as that testified to by the child and her mother later and that the doctor testified that the widening was "not abnormal" and that based on his examination alone he could not "say medically that intercourse took place at any time" or "that there was evidence of recent penetration." [530–532]

INDICTMENTS found and returned in the Superior Court on January 5, 1968.

The cases were tried before *Thompson,* J.

*Robert A. Novick* (*Reuben Goodman* with him) for the defendant.

*Peter F. Brady,* Assistant District Attorney, for the Commonwealth.

CUTTER, J. The defendant was found guilty by a jury on charges of (a) unlawful carnal knowledge and abuse of a female child (the child) under the age of sixteen and (b) incest. His appeal is before us under G. L. c. 278, §§ 33A–33G. The assignments of error argued relate to the admission of testimony.

The evidence would have permitted the following findings. Molestation of the child by her father took place on the night of November 19, 1967, after the child's mother had left about 10:30 P.M. for night work at a nursing home. The child saw her mother on the next morning, the 20th, before going to school but made no complaint. She returned from school and went out to play. That evening she told her mother about what had occurred. The mother on the next day got in touch with the police, her clergyman, and a social worker. The police took the child to be examined by a doctor at a hospital.

The doctor was permitted to give as his opinion that, upon the examination made by him including the history

given by the child, the "probable cause of the widening . . . in the private area of this little girl" was "a male organ penetration." He stated that the opening was "slightly above normal in size, but not abnormal in the sense that — there was no hymen, which can occur very normally." He was also allowed to testify, as part of the medical history and "on the medical aspect of the case and that alone," to the child's description to him of various acts of molestation by the defendant on a date or dates not specified. On cross-examination, he admitted that he was not able to determine whether there had been any recent physical abuse of the child and that, based upon his examination alone, he could not "say medically that intercourse took place at any time."[1]

The judge in his charge instructed the jury that the child's complaints to her mother, the police, or the doctor were "not to be considered . . . as evidence of . . . guilt" but only for the purpose of corroborating the child's own testimony about the defendant's acts. He also charged that, if the complaints were not made "within a reasonable time of the alleged misconduct," failure to make them in a reasonable time could be considered "as evidence tending to discredit her."

The admission of the doctor's testimony raises two principal questions: (a) whether the history given to him by the child was admissible, and (b) whether his opinion concerning the physical widening could be based in part upon that history.

1. Our cases have not been wholly uniform in discussing the use of statements of medical history. A physician may testify "to the condition of . . . [a patient] and to the

---

[1] The judge struck one unresponsive answer by the doctor to a question seeking his opinion concerning the cause of the physical widening observed by him. The doctor had replied that, in his opinion, "a penetration occurred between the father and the little girl." Instructions were promptly given to the jury "to give . . . [the answer] no weight or consideration in . . . [their] deliberations." This was correct for reasons essentially those relied upon in *Commonwealth* v. *Gardner*, 350 Mass. 664, 665–667. The doctor's medical experience gave him no special competence to express an opinion whether any particular person had molested the child.

complaints and symptoms of pain and suffering stated by her" and may give his opinion, in answer to a hypothetical question or other proper inquiry, that the symptoms "were such as might have been expected to follow" certain specified events or as were consistent with such events. It, however, is "not competent for the physician to testify to" statements by the patient concerning the cause of the symptoms or injury (see *Roosa* v. *Boston Loan Co.* 132 Mass. 439, 440–441; *Commonwealth* v. *Dawn*, 302 Mass. 255, 260); unless the statements are admissible upon some other ground (e.g. as a dying declaration; cf. *Commonwealth* v. *Sinclair*, 195 Mass. 100, 108; cf. also *Commonwealth* v. *Smith*, 213 Mass. 563, 565–566).

There is, however, one decision somewhat similar to the present case in which this court approved the admission of statements made to a doctor by a victim concerning past indecencies inflicted upon her and said, "The statements were admissible as a basis for the physician's opinion upon the condition of her body." See *Commonwealth* v. *Colangelo*, 256 Mass. 165, 166–167. See also *Commonwealth* v. *Belenski*, 276 Mass. 35, 47. In Wigmore, Evidence, (3d ed.) § 1722, fn. 5, it is noted that the *Colangelo* case ignores the *Roosa* decision, 132 Mass. 439. The *Roosa* decision has been expressly followed in *Commonwealth* v. *Sinclair*, 195 Mass. 100, 108–109, which rejected the reasoning later applied in the *Colangelo* case. Cf. however, McCormick, Evidence, §§ 266, 267. The *Sinclair* case, in effect, was approved in *Commonwealth* v. *Smith*, 213 Mass. 563, 564–565, and has been generally followed in this Commonwealth. It, unaffected by the *Colangelo* case (which is hereby overruled), represents the present Massachusetts law, except where there have been statutory modifications. See *Commonwealth* v. *McGruder*, 348 Mass. 712, 715, cert. den. 383 U. S. 972.

The doctor's testimony concerning the child's statements to him (about her father's conduct) was admissible for the limited purpose of corroboration, but not to establish guilt, on the so called principle of "fresh complaint" by the child,

"as in a sense corroborating . . . [her later explicit direct] testimony . . . by showing that her conduct immediately after the episode was consistent with her charge of" molestation. See *Commonwealth* v. *Spare,* 353 Mass. 263, 265–266, and cases cited. Although the judge made no preliminary inquiry whether the statements to the doctor were sufficiently prompt to constitute fresh complaint (see *Commonwealth* v. *Cleary,* 172 Mass. 175, 177), it rapidly developed from the testimony of the child and her mother that they were made as soon as reasonably could be expected in the case of a child of this age. The visit to the doctor was part of a continuous series of complaints by the child (to her mother, to the police, and to the doctor) which all were sufficiently soon after the alleged episode to constitute fresh complaint. The judge properly charged that the testimony had corroborative effect only.

Although the judge originally erroneously admitted the child's statements to the doctor on essentially the ground of the *Colangelo* case, 256 Mass. 165, 166–167, for limited use as medical history and not as proof of the defendant's guilt, we give weight to the fact that they were admissible as "fresh complaint." In view of the judge's careful charge as to the limited evidential effect of the statements, we think they were not prejudicial, particularly as they, in effect, were cumulative (see *Commonwealth* v. *Rudnick,* 318 Mass. 45, 61–62; *Commonwealth* v. *Rawlins,* 352 Mass. 293, 295) and merely a summary of certain testimony, given later by the child and her mother.

2. The doctor was permitted, subject to the defendant's exception, to express the opinion that the physical widening observed by him was probably caused by male penetration. The opinion was admittedly based not only upon his own observation but also in part upon the hearsay history given to him by the child. On this account, and in the absence of a statement in a proper question of facts to be assumed (see *MacKay* v. *Ratner,* 353 Mass. 563, 566–568) by the doctor as a basis of his opinion, the answer expressing the doctor's opinion presents questions of the type considered in *Com-*

*monwealth* v. *Russ*, 232 Mass. 58, 74. There Chief Justice Rugg said, "[A]n opinion not grounded either upon facts observed by the witness or upon facts assumed and specified in the question or upon facts in evidence through other witnesses, but based upon facts taken on the hearsay of others out of court and not in evidence and not put in the form of a supposition in the question, is not admissible." See *Commonwealth* v. *Harrison*, 342 Mass. 279, 287–288; *Commonwealth* v. *Johnson*, 352 Mass. 311, 315, appeal dism. 390 U. S. 511. See also *Gannon's Case*, 352 Mass. 568, 570–571 (workmen's compensation case). Cf. *Commonwealth* v. *McGruder*, 348 Mass. 712, 715 (statutory basis in a particular proceeding for disregarding usual rules concerning opinion evidence).

The questions to the doctor in the present case should have been put in hypothetical form, so that there would have been adherence to the principles of the *Russ* case, 232 Mass. 58, 74. Nevertheless, in the aggregate, we think that there was no prejudicial error in receiving the doctor's opinion for reasons similar to those relied on in the *Harrison* case, 342 Mass. 279, 288. So far as the doctor's opinion was based on the account given to him by the child, the account was essentially the same as that given by the child and her mother later. The doctor, on cross-examination, admitted freely that he could not say "medically that intercourse took place at any time," and that based upon his examination, he could not say "that there was evidence of recent penetration." In total effect and in substance, the doctor's opinion testimony amounted to an expression of the view that the physical condition observed was consistent with male penetration and that he thought it was so caused.

So viewed, the doctor's opinion did not violate the principles applied in *Commonwealth* v. *Gardner*, 350 Mass. 664, 665–667. It was within the doctor's professional competence to form an opinion whether the widened opening could have been caused by male penetration. His view that male penetration was the probable cause was rendered, we think, nonprejudicial by his expression of inability to say that

there had been intercourse and by his statement that the physical condition was not abnormal.

3. Other exceptions and assignments of error have not been sufficiently argued to require comment.

*Judgments affirmed.*