COMMONWEALTH *vs.* RAYMOND L. COOLBETH. November 26, 1976. 1. The only question (properly) argued on appeal is whether the complaints made by the victim to her "aunt" and her mother in the early evening of October 9, 1974, were, as matter of law, too remote in time from any of the offences committed (under G. L. c. 265, § 23) in the mornings of September 30 and October 7 and 9, 1974,[1] to be admissible under the so called "fresh complaint" rule. See *Commonwealth v. Cleary,* 172 Mass. 175, 177 (1898); *Commonwealth v. Spare,* 353 Mass. 263, 265-266 (1967); *Commonwealth v. Howard,* 355 Mass. 526, 530 (1969); *Commonwealth v. Hanger,* 357 Mass. 464, 466 (1970). We do not answer the question because we are not persuaded that the admission of either complaint resulted in any real harm to the defendant. See and compare *Commonwealth v. Howard,* 355 Mass. at 530; *Commonwealth v. Izzo,* 359 Mass. 39, 43 (1971). The victim's direct examination was confined to testimony concerning the commission of the offences. The critical question whether she had made any complaint to

---

[1] There was also an indictment for, as well as evidence of, a fourth offence committed on October 10, 1974.

her "aunt" or her mother (see *Glover* v. *Callahan,* 299 Mass. 55, 57 [1937]; *Commonwealth* v. *Izzo,* 359 Mass. at 44) was first broached in the evidence during the defendant's cross-examination of the victim; on no less than four separate occasions (either in reply to questions by counsel [2] or by means of unresponsive answers not objected to) the victim gave affirmative testimony to the effect that she had complained of the defendant's conduct to both her "aunt" and her mother in the evening of October 9. When the details of the complaints were subsequently offered through the mother and the "aunt," the defendant made no effort to limit the jury's consideration of the complaints to the offence which they could have found had been committed on October 9. Contrast *Commonwealth* v. *Ellis,* 319 Mass. 627, 629 (1946). The details of both complaints were colorless, and the jury heard nothing they had not already heard during the course of the victim's testimony. See *Commonwealth* v. *Bailey,* 370 Mass. 388, 393 (1976). The instructions given by the judge as to the use which might be made of such complaints, both when they were admitted and subsequently in the charge, were full and accurate. See *Commonwealth* v. *Bailey,* 370 Mass. at 395. 2. We note in conclusion that no objection was voiced below that either complaint was the product of coercion. Contrast *Commonwealth* v. *Hanger,* 357 Mass. at 466-467.

*Judgments affirmed.*

*Robert S. Potters* for the defendant.
*Leon R. Zitowitz,* Assistant District Attorney, for the Commonwealth.


---

[2] Most explicit, but not atypical, was the following: "Q. Well, how many times did you talk to your mother about Mr. Coolbeth taking you to a fish and chip place in Millbury and having sexual intercourse with you? A. Once."