COMMONWEALTH *vs.* ROBERT E. BROWN, JR. No. 88-P-618. November 1, 1988. *Rape. Indecent Assault and Battery. Evidence*, Expert opinion, Cumulative evidence, Corroborative evidence. *Witness*, Expert.

The defendant was convicted of rape of a child under sixteen by force (G. L. c. 265, § 22A) and indecent assault and battery of a child under fourteen (G. L. c. 265, § 13B). On appeal he raises two evidentiary points.

1. Susan Dudek, a therapist at the West Springfield Counseling Center, testified to her opinion that the child had, as he claimed, been sexually abused, and she gave her reasons for that conclusion. In her view the child's story was corroborated by behavioral indicia characteristic (she testified) of sexually abused children: bedwetting, anxiety at separation from his mother, sexually directed play with other children at school and with anatomically detailed dolls at the center. The defendant's trial counsel made no objection to this testimony, which is, therefore, reviewed only to determine if its admission created a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Ramos*, 402 Mass. 209, 216-217 (1988).

Dudek's testimony was tantamount to an expert opinion that the child's claim to have been the object of sexual abuse was probably true, based on behavior not to be expected of a child of comparable age who had not been the victim of abuse. This may be a proper subject for expert testimony. Contrast *Commonwealth* v. *Gardner*, 350 Mass. 664, 665-667 (1966), *Commonwealth* v. *Mendrala*, 20 Mass. App. Ct. 398, 402-404 (1985), and *Commonwealth* v. *McNickles*, 22 Mass. App. Ct. 114, 121 (1986), which apply a rule that physicians who treat alleged rape victims are not ordinarily permitted to testify that the intercourse was by force rather than consensual. Typically, in such cases, the basis for the physician's opinion is the statement of the alleged victim coupled, sometimes, with cuts or bruises and with rips in the victim's clothing: matters, in other words, that the jurors are as capable of evaluating as the physician.

The Dudek testimony was different only in form, not in substance, from that of Gilberti, a trained investigator in the field of child and sexual abuse, whose opinion had come in previously without objection. The admission of that opinion is not now challenged. If error were shown in the admission of the Dudek testimony, its cumulative quality would lead us to conclude that it presented little risk of a miscarriage of justice.

2. The same is true of the testimony of the last two (of five) fresh complaint witnesses — two police officers who differed from the first three fresh complaint witnesses in that the alleged victim, a five-year-old, denied that he had talked to them (the officers) at all. He testified instead that his mother had talked to them. Objection was taken that the officers' testimony could not be offered to corroborate the child's because they were contradicting him. The answer to the objection probably is that a witness whose testimony is offered for corroboration need not corroborate in every respect, so long as he corroborates in some respects; and here, they corroborated the story the child was telling in the period following the initial disclosure to his mother. We need not go into that, however, because the incremental effect of the testimony of the last two fresh complaint witnesses was surely so minimal as to be harmless.

*Judgments affirmed.*

*John S. Ferrara* for the defendant.
*Elizabeth R. Dunphy,* Assistant District Attorney for the Commonwealth.