*Southern District*
No. 55827

**PETER KARAS**, et al

v.

**EMORY LeVAY, Trustee**

*Present:* Nash, P.J., Murphy, J.

Case tried to *Cox, J.,* in the District Court of Northern Norfolk.     No. 55827.

(The opinion has been abridged)

*Murphy, J.* This is an action in contract by the plaintiffs, Peter Karas and his wife, Jean C. Karas, against Emory LeVay, Trustee of the Emory Realty Trust.

The plaintiffs' declaration is in two counts.

Count One alleges that the plaintiffs paid the defendant $21,000.00 for a lot of land and for a house constructed for them by the defendant; that the defendant breached his agreement by failing to perform the construction of the house in a workmanlike manner, and failed to complete the work he agreed to perform. Count Two is a count for money had and received in the amount of $2,500.00.

The defendant's answer is a general denial and the defense that the acceptance of the deed to the premises was a merger that discharged the defendant from any liability.

During the course of the trial, the defendant testified that the plaintiffs owed him $245; the plaintiffs objected because the defendant had not pleaded this claim and that it was therefore inadmissible. However, the trial justice at the closing arguments suggested that the defendant amend his answer, and he was allowed to do so. The amended answer is one for recoupment for $245, the balance due on the sale of the property on December 29, 1965, and the second paragraph is in set-off for $245, the balance due on the sale of the plaintiffs' property.

The parties have stipulated that all exhibits introduced at the trial are incorporated herein by reference and may be used before the Appellate Division. The plaintiffs claiming to be aggrieved by the finding for the defendant in set-off, by the finding for the defendant on

Counts One and Two of the plaintiffs' declaration, by the decision of the trial justice and by the denial of the plaintiffs' motion for a new trial, the case is hereby reported to the Appellate Division for determination.

The plaintiff filed three requests for rulings, which were allowed.

The court [warrantably] made the following special findings:

"I find that the defendant in good faith substantially built the house for the plaintiffs in accordance with his agreement to do so. In fact, in order to please the plaintiffs, the defendant without making additional charges therefor, made changes which the plaintiffs had requested from time to time during the construction.

"During the construction the plaintiffs, one or both, were on the site almost daily and interested themselves in every detail of the construction from start to finish. On December 29, 1965, they accepted a deed of the premises and moved in. They had previously moved in some of their possessions and cleaned up the house to make it ready for occupancy, an allowance on the price having been granted by the defendant for that purpose.

"At the time of passing papers on December 29, 1965, the plaintiffs were short $700.00 of the agreed purchase price. Mr. Karas assured the defendant that he had left the money at home but would, if the passing of papers

were allowed to continue, deliver that sum to the defendant later in the day. The plaintiffs paid only part of the $700.00 balance and still owed the defendant $245.00.

"After moving in, the plaintiffs began to make complaints; and the defendant on all occasions attempted to remedy the matters complained of. Some of the alleged defects were obvious to the plaintiffs even before they accepted the deed.

"In February, 1966, because of offense taken by Mr. Karas at something the defendant is alleged to have said, the details not appearing, Mr. Karas forbade Mr. LeVay or his workmen to again enter the premises to correct the items the plaintiffs were complaining about although the defendant has at all times, even at the present time, been willing to try to satisfy the plaintiffs. As late as the end of March, the defendant had been presented with a long list of alleged defects. As to that list, I find little merit, except as to a few items, such as the correction of nails which for one of three understandable reasons had started to protrude from the wall boards in several rooms and to repaper where necessary as a consequence; the repair and correction of some bathroom tile and fixtures; the adjustment of doors for proper closure; some touch up painting; and the installation of a clean out door for the chimney. The cost of doing this work would be relatively small. It should be observed that

the doors were 'pre-hung'. After installation, the plaintiffs desired different hinges and hardware for the doors. The defendant furnished hinger and hardware, and Mr. Karas agreed to change the hinges himself. The consequent adjustment may well have been necessitated by the plaintiff's own faulty work. The defendant's offer to do the above work was conditioned upon admission to the premises, which permission was withheld without justification. Instead, this action was commenced in August, 1966.

"I find that the defendant and his workmen have been unjustifiably denied access to the premises by the plaintiffs and that the defendant is thereby excused from doing the above described work. See *Kauranen* v. *Mattaliano*, 347 Mass. 583 and cases cited.

"On all the evidence I find for the defendant on both counts.

"I find for the plaintiff LeVay in set off in the sum of $245.00 with interest from December 29, 1965.

"The Plaintiffs' three requests for rulings are allowed."

The court found for the defendant on court One and Two of the plaintiffs' declaration, and for the defendant in set-off in the amount of $245.00 with interest from December 29, 1965."

After receipt of the justice's decision, the plaintiffs seasonably filed a motion for a new

trial assigning as reasons, therefore, the following:

"1. There is newly discovered evidence.

2. The finding and decision of the trial justice reflects a mistake of law injuriously affecting the substantial rights of the plaintiffs."

On December 23, 1966, the motion for a new trial was argued and the attorney for the plaintiffs stated that because the trial had run until four o'clock he did not call Mrs. Karas to the stand. Plaintiffs' counsel stated she would have rebutted the testimony of Mr. LeVay, as to the denial of permission of Mr. LeVay's workmen to come onto the premises after the papers had passed. At the end of the trial, the plaintiff was not precluded from offering additional evidence by the trial justice. On December 27, 1966, the plaintiffs received notice that the motion for a new trial had been denied.

The extensive special findings and the more than ample reported evidence indicates clearly that the judge considered all the evidence in making his finding. True, as pointed out in the plaintiffs' brief, there were one or two items not mentioned in the findings, such as the amount of asphalt used on the driveway, and the fact that the fireplace foundation was misplaced. These items at first blush would seem to be substantial, however, neither of them were mentioned in the list of things remaining to be done which was given to the defendant by

the plaintiff when the plaintiff took possession of the premises. Apparently, the plaintiff was not concerned about them at that time. Furthermore, the house was built on a construction loan, and the bank inspected the premises regularly. No mention was made of these items at any time, and as a matter of fact, the only money withheld at the closing was $350 to finish the grading and seeding, which had to be done later in the season. Therefore, as far as the bank was concerned, the house was completed and the mortgage money was paid over.

The report further discloses that either one or both of the plaintiffs were on the premises almost daily; that they requested several changes in the plans, and the defendant made such changes at no extra charge. So far as the record shows, no mention was ever made of the two items mentioned above at any time during this period of construction, and they did move in some time in December of 1965. We, therefore, have to conclude, as did the judge, considering the contract as a whole that these and the other alleged defects were in effect waived or excused and were of no great importance. *Hub Construction Company* v. *Dudley Woodworks Company*, 274 Mass. 493 and *Bowen* v. *Kimball*, 203 Mass. 364.

It is obvious from the record, that the judge considered every facet of the evidence and weighed it in making his finding for the defendant as was his responsibility. He heard the

witnesses, he observed them testify, and he had all of the exhibits before him at that time. Credibility of witnesses is a matter exclusively for the trial judge, *MacDonald* v. *Adamian,* 294 Mass. 187 and findings of fact made him supported by evidence at the trial are not reviewable by the Appellate Division. *Mahoney* v. *Norcross,* 284 Mass. 153. Such findings of fact cannot be set aside except when there is no foundation for them in the evidence or they are plainly wrong. *Bangs* v. *Farr,* 209 Mass. 339 and *Abele* v. *Diets,* 312 Mass. 685 and cases cited. We cannot say these findings are plainly wrong.

There was no intentional deviation from the contract here, as in *Concannon* v. *Galanti,* 348 Mass. 71 cited by the plaintiff in his brief. On the contrary, the judge found that the plaintiff was willing to do most if not all of the work as requested, but was denied access to the property to do any work, and he, therefore, found that the defendant was excused from doing anymore work. See *Kaurahen* v. *Mattaliano, cited supra.* This refusal was in February of 1966, only a few short weeks after the plaintiff had moved into the house. This certainly cannot be construed as being or as allowing the defendant "indefinite opportunity" to complete the work as contended by the plaintiff in his brief. The judge found as a fact that the defendant was unjustifiably denied access, and there is ample evidence in the record to sub-

stantiate this finding. The plaintiff refused to allow him in the premises, except to do the grading and that, only months later. No reason was given for such refusal. What more could the defendant do?

The judge allowed the plaintiffs' three requests for rulings, even though he found for the defendant. This was proper. A request that "the evidence warrants a finding" in favor of the requester whenever such finding is justifiable upon any phase of the evidence produced should be allowed. But, a granting as such request does not bind the trial judge to make a finding for the requester. On the contrary, he may find for the other party. Such a request deals only with the quantity of the evidence, not its quality. Belief or creditability is not involved, and the judge, although he has granted the request that the evidence "warrants" may disbelieve that very evidence and make a finding accordingly. *Dangelo* v. *Farina*, 310 Mass. 758 and *Commonwealth* v. *Hull*, 296 Mass. 327.

On the question of allowing the defendant to amend his declaration, the evidence showed that the plaintiff was short $700 at the closing, and he said he had it at home. He went to get it and returned with only $455, leaving him still short $245.00. The amendment was allowed by the court so that the defendant might recover the $245.00 in set-off. The power to allow an amendment is broad, and we think the judge

was right in this instance, and there was no abuse of discretion. In any event, the defendant did not claim a report on the admissibility of this evidence and we treat the objection as waived. *O'Brien* v. *McManama*, 281 Mass. 89.

The plaintiffs' motion for a new trial was properly denied. Motions for new trials are addressed to the sound judicial discretion of the Judge. They cannot be reviewed unless the record shows abuse of discretion or error of law. There is nothing in the record to indicate such abuse or error of law here. The findings of fact made by the judge are final. *Nicoli* v. *Berglund*, 293 Mass. 426. *Restuccia* v. *Bonner*, 287 Mass. 592 and see *Madden* v. *Boston Elevated Railway Company*, 284 Mass. 490.

Neither can a new trial be granted on the ground of newly discovered evidence which goes only to impeach the credibility of a witness at the trial. *DeLuca* v. *Boston Elevated Railway Company*, 312 Mass. 495.

We find no prejudicial error, and an order should be entered **dismissing the report.**

CHRISTOPHER H. WORTHINGTON
of Boston, for the Plaintiff.
HOWARD C. ABBOTT
of Franklin, for the Defendant.