COMMONWEALTH vs. KENNETH VAN KOOIMAN. December 28, 1967. The defendant was convicted on two indictments, one of which charged him with indecent assault and battery upon a child under the age of fourteen, and the other with assault with intent unlawfully and carnally to know and abuse a female child under the age of sixteen years. He brings his appeals here under the provisions of G. L. c. 278, §§ 33A–33G, with several assignments of error, the first of which is directed to the judge's refusal to direct a verdict on the opening statement of the Commonwealth. However, "a judge cannot be required to direct a verdict on an opening." *Commonwealth* v. *Hartford,* 346 Mass. 482, 489. The second assignment argued charges error in permitting testimony from a gynecologist in which he stated his belief that the child had been assaulted "most probably" by an attempted insertion of a male organ "into the private parts." The witness was thoroughly qualified to state this opinion which was in his domain of professional knowledge and which would be of assistance to the jury. *Commonwealth* v. *Dawn,* 302 Mass. 255, 259. That the opinion rendered dealt with the precise point to be determined by the jury gives rise in this instance to no "valid objection where the judge could find that the witness was qualified to express an opinion in the domain of professional knowledge which would be of assistance to the jury." *Commonwealth* v. *Chapin,* 333 Mass. 610, 625. Compare *Duggan* v. *Bay State St. Ry.*

230 Mass. 370, 383. Without elaboration or the recitation of a set of revolting facts, it suffices to say that ample evidence was presented to warrant the judge in denying the defendant's motions for directed verdicts. The assignments disclose no reversible error.

*Judgments affirmed.*

*Chester C. Paris* for the defendant.

*John T. Gaffney,* Assistant District Attorney (*James M. McDonough,* Legal Assistant to the District Attorney, with him), for the Commonwealth.

