COMMONWEALTH *vs.* LUCIEN PEETS. October 15, 1979. The defendant appeals (G. L. c. 278, §§ 33A-33H) from his conviction on an indictment charging rape. The case was tried and submitted to the jury on the theory that "sexual intercourse" (rather than "unnatural sexual intercourse") had occurred. G. L. c. 265, § 22, as appearing in St. 1974, c. 474, § 1. See *Commonwealth* v. *Gallant*, 373 Mass. 577, 584-585 (1977). The victim testified that the defendant had penetrated her with his penis, while the defendant testified that he had inserted his finger (but not his penis) into the victim's vaginal area. A gynecologist, a Commonwealth witness who examined the victim soon after the incident, testified to the injuries sustained by the victim (who had been badly beaten), including certain bruises of the introitus, the entrance to the vagina. The sole issue is the admissibility of testimony by the gynecologist that from "the nature of the bruising . . . I can't say whether there was actual penetration, but there was certainly a definite contact between a large object the size of a male penis and the patient's introitus." As we read the testimony, it was given on the basis of the gynecologist's observation, rather than — as the defendant contends — partly on the basis of the history given to him by the victim. Indeed, defense counsel at trial seems to have so understood that testimony, for he did not object to it, though he had objected and excepted to previous opinion testimony based on a history given by the victim. (The defendant makes no issue of that opinion testimony, presumably because the gynecologist's explanation on cross-examination rendered it obviously harmless.) That the testimony to which the defendant now objects was based on the gynecologist's observation is also indicated by defense counsel's cross-examination during which

the gynecologist indicated that it was highly doubtful that the bruises had been caused by a finger because "we're talking about bruises caused over a relatively diffused area over the entire introitus, which would take a pretty big finger to cause that." "There was no error here because . . . the witness had given . . . testimony . . . founded exclusively on his own observations." *Commonwealth* v. *Russ*, 232 Mass. 58, 75 (1919). *Commonwealth* v. *Siano*, 4 Mass. App. Ct. 245, 247-248 (1976). Cf. *Commonwealth* v. *Howard*, 355 Mass. 526, 530, 531 (1969), in which the court held that it was error to admit a doctor's opinion "based not only upon his own observation, but also in part upon the hearsay history given to him by [the victim];" but that the error was harmless because "the doctor on cross-examination admitted freely that he could not say 'medically that intercourse took place at any time.' " We note that in our case the effect of the gynecologist's testimony on the basic issue in the case (whether there was penetration) was mitigated by the gynecologist's inability to "say whether there was actual penetration."

*Judgment affirmed.*

*Edward Berkin* for the defendant.

*William T. Walsh, Jr.*, Assistant District Attorney, for the Commonwealth.