COMMONWEALTH *vs.* RAYMOND ROGERS. January 3, 1980. The defendant was convicted of rape and appealed under G. L. c. 278, §§ 33A-33H. A companion indictment charging an unnatural and lascivious act was placed on file after a verdict of guilty; and, in the circumstances (like those in *Commonwealth* v. *Hoffer,* 375 Mass. 369, 370 n.1 [1978]), we do not consider it further. Neither of the defendant's two exceptions to the admissibility of evidence has any merit. 1. The seventeen year old victim testified that she and the defendant were undressed in the back seat of an automobile and "[h]e got on top of me." She was then asked, "What else happened," and she answered, "Intercourse." The judge properly refused to strike this response; it was obvious to him, as it is to us from the

transcript, that she was using a circumlocution. See *Commonwealth* v. *Coderre*, 360 Mass. 869 (1971); *People* v. *Walls*, 85 Cal. App. 3d 447, 454 (1978); *State* v. *Diamond*, 50 Nev. 433, 436-437 (1928). Indeed, defense counsel used the same circumlocution in his cross-examination. 2. A gynecologist's opinion with reference to "penile penetration" was clearly based on the pelvic examination he made of the victim soon after the incident. *Commonwealth* v. *Peets*, 8 Mass. App. Ct. 916 (1979), and cases cited. We note that trial counsel based his defense on consent and conceded in his closing argument that the victim "without any question, has had intercourse in the back seat of a motor vehicle . . . [a]nd as the doctor told us, there was obviously penetration . . . ."

*Judgment affirmed.*

*Edward Berkin* for the defendant.
*Dyanne Klein Polatin*, Assistant District Attorney, for the Commonwealth.