This certifies that this is the opinion of the Appellate Division in this cause.

**Suzanne Hurley**
**Clerk, Appellate Division**

a - Mass. App. Ct. Adv. Sh. (1980) 1339, 1345.
b - Mass. App. Ct. Adv. Sh. (1979) 2103, 2108.

Patricia **COURTEMARCHE**
vs.
**COMMONWEALTH OF MASSACHUSETTS**

**No. 8681**

Appellate Division of the
District Court Department
Northern District
Commonwealth of Massachusetts

**November 26, 1982**

**Robert R. White, Esq.,** counsel for plaintiff.
**Mary E. Dacey, Esq.,** counsel for defendant.

## OPINION

**Forte, J.** This action is pursuant to G. L. c. 258A (Compensation of Victims of Violent Crimes) brought by a guardian, Patricia Courtemarche, in behalf of her minor brother, John H. McCann, III.

The parties stipulated that the issue for trial was whether or not John H. McCann, III was wholly or partially dependent upon the victim for his support at the time of the father's (the victim's) death.

At trial there was evidence tending to show: (a) The minor claimant's father became a homicide victim on August 24, 1978, and had been receiving a full AFDC budget for the minor claimant. In addition thereto, the victim earned $25.00 to $40.00 per week doing odd jobs, which income was not reported to the Department of Public Welfare. This additional income was used partially to provide support for the minor claimant. (b) By the Attorney General's report,[1] it was indicated that the claimant has been receiving Social Security benefits since February 16, 1979. (c) There was evidence introduced which indicated that medical bills and funeral bills were incurred and remain outstanding in the amount of $7,240.27. The Attorney General's report indicated that $155.09 of this amount was paid by Medicare. No other evidence was introduced as to payment of these bills.

---

[1] Rule 150 of the Dist./Mun. Cts. Supp. R. Civ. P. states in section (i) that "No other rules shall govern procedures for compensation of victims of violent crime under G.L. c. 258A." Ordinarily, the Appellate Division is confined to the four corners of a report. **Tranfaglia, Tr. v. Security Nat'l Bank,** 53 Mass. App. Dec. 25 (1973). However, Rule 150, the sole rule for claims under G.L. c. 258A, requires the Attorney General to investigate and file a report with the trial court. Section (h) of Rule 150 allows either side to appeal from rulings of law, and requires the trial judge to prepare a report and forward it with "all the papers on file in the case to the Appellate Division."

At the close of the evidence, the claimant filed twelve "requests for rulings" and claims to be aggrieved by the court's rulings on requests numbers 2 through 12.

The trial judge, in his actions on the claimant's requests for rulings, made the following findings of fact:

1. The victim and his minor son-claimant were on a full A. F. D. C. budget at the time of the victim's death.

2. In answer to request number 2 which asked for a finding of fact that the victim earned $25-$40 per week which was not reported to the Department of Public Welfare, the judge stated that he did not so find.

3. In answer to request number 3 which asked for a finding of fact that at least a portion of the unreported income was used to provide support for the minor claimant, the judge wrote "I do not so find."

An examination of requests numbers 2 and 3 indicates that they are requests for findings of fact from which there is no appeal. Appeals are only from rulings of law. Dist./Mun. Cts. Supp. R. Civ. P.150. The mere captioning of a request for a finding of fact as a request for ruling of law does not transform the former into a proper request for a ruling of law. **Gibbons** v. **Denoncourt,** 297 Mass. 448, 457 (1937).

Requests numbers 5, 8, 9, 10 and 11 each asks for a ruling that the evidence warrants a finding of fact that: (5) the minor was partially dependent on the victim; (8) the victim was employed at the time of his death; (9) the claimant suffered an out-of-pocket loss and was thus entitled to compensation; (10) the claimant was a dependent of the victim at the time of the alleged crime; and (11) the claimant suffered a loss of support. In each instance, the trial judge ruled that the evidence presented warranted such requested findings ,but specified his contrary findings that the victim was

earning no money and had no earnings to provide support for the claimant and that the claimant was thus not a dependent of the victim. A request that the evidence warrants a certain finding of fact means that the evidence, if believed, permits such a finding. It does not mean that the finding is required. **Ryerson** v. **Fall River Philanthropic Burial Society,** 315 Mass. 244 (1943).

The remaining requests read as follows:

"4. I find as a matter of law that the minor plaintiff was partially dependent upon the victim within the meaning of M. G. L. A. Chapter 258A, Section 1.

"6. As a matter of law, the petitioner is a person eligible to make a claim for compensation under M. G. L. Ch. 258A, Section 3.

".7. As a matter of law, the petitioner is entitled to compensation under M. G. L. Ch. 258A since he was living with the victim as required by statute and is the son of the victim."

The court denied requests numbers 4 and 6. As to request number 7, the court ruled: "allowed only insofar as it states that the petitioner is the son of the victim - denied otherwise."

In order for the claimant to be eligible for compensation under G. L. c. 258A, s. 3, he must prove that at the time of the crime he was a dependent of the victim. A dependent is defined in c. 258A, s. 1 as "a . . . child . . . who is wholly or partially dependent for support upon and living with the victim at the time of . . . death . . . ."

From the judge's finding of fact it is apparent that the claimant did not prove that he was eligible for compensation in that he did not prove he was receiving support or living with the victim at the time of the crime. We have examined all the evidence and we cannot say the trial court's findings were "clearly erroneous." "Clearly erroneous" in this context means that an appellate court upon review of all the evidence is left with

a definite and firm conviction that a mistake has been committed. **New England Canteen Serv. Inc.** v. **Ashley,** 372 Mass. 671 (1977); **C. C. & T. Constr. Co.** v. **Coleman Bros. Corp.,** 8 Mass. App. Ct. 133 (1979).

The issues decided by **Levine** v. **Amber Manufacturing,** 6 Mass. App. Ct. 840 (1978) and **Walker** v. **Commonwealth,** Mass. App. Div. Adv. Sh. (1979) 326 cited by the appellant are easily distinguishable from the issues raised by this appeal.

There being no error, the report is dismissed.