Banks, J.
This is an appeal by Claimant/Appellant from an adverse finding upon his claim as a victim of violent crime under Massachusetts General Laws, Chapter 258A brought in the Brighton Division. The appeal is pursuant to the rules provided by Dist./Mun. Cts. Supp. R. Civ. P., Rule 150 (h) and only to those rules as Rule 150 (i) states unequivocally that: “No other rules shall govern procedure for compensation of victims of violent crime under General Laws, Chapter 158A.”
What difficulties are presented by this case stem primarily from the differences between the operative Rule 150 (h) and Rule 64 (c) which normally governs the posture in which matters come from this Division. Rule 64(c) (2) provides very specifically that reports to this Division delineate very clearly the issues to be resolved. The report under that rule is very much a self-contained document; indeed other papers in the case are permitted to be incorporated only by special permission.
In contrast, Rule 150 (h) which is applicable in this matter provides in pertinent part that rulings of law may be appealed by either party following a hearing upon claim of appeal and that:
At such hearing (upon claim of appeal) the court shall prepare a report setting forth the issues raised in the matter and the rulings upon which the party requesting the report seek review. The judge shall sign the completed report and forward it and all papers on file in the case to the Appellate Division.
Thus a report under Rule 150(h) is a much less precise instrument than a Rule 64 report with its specific requests for rulings. Moreover the inclusion with the report of all the papers in the case appears to invite consideration of those papers in defining and determining issues. That approach appears to be required in the instant case.
In this matter the report before this Division recites in its entirety:
The issues in the above matter whether or not a crime had been committed and that the Claimant was a victim of said crime; whether the claimant was employed at time of alleged incident.
The court found that there was no evidence offered which the court could find constituted a crime and that no evidence was offered that Claimant was employed at the time or that he had employment to go to a *130 day or so after the evidence.
The Claimant filed four Requests for Rulings upon which the court takes the following action:
(1-4) ‘Denied in view of court’s findings’
Clearly this report forms no basis upon which an Appellate Division review is possible raising as it does no questions of law within its four comers. If we consider that Plaintiff/Appellants Requests for Rulings are to be incorporated by reference, they are available to this Division by virtue of the Trial Court’s compliance with the requirement of Rule 150 (h) that all papers filed in the matter be forwarded with the appeal. Those requests raising possible questions of law were as follows:
1. That a “crime” was committed as defined by Chapter 258A.
2. That Michael Georgopoulos was a “victim” as defined by Chapter 258A.
On their face Requests 3 and 4 go to matters of proof upon facts to be found by the Trial Court and accordingly are not reviewable under Rule 150(h).
As to Requests 1 and 2, it is necessary to go to the Trial Court’s original findings in order to ascertain whether a reviewable question of law is raised. In those findings the Trial Court stated that:
There was evidence that Claimant was in a car in the Brighton section of Boston; that it was dark out; that Claimant’s car driven by his brother stopped on roadway to allow Claimant to relieve himself in the field; that Claimant’s received a gun wound while doing so; that all the Court heard was that Claimant’s brother heard what sounded like a firecracker; that Claimant was treated at St. Elizabeth’s Hospital; that various Police Departments were notified; that the projectory of the bullet was not consistent with a firing from a passing car: that Claimant was unemployed at time of incident but it was claimed he was to start work the day after the event.
The court is unable to find that Claimant was the victim of a crime; that he was unemployed at the time; that there was no concrete evidence that he was to be employed on the day after.
Upon the facts as found by the Trial Court a finding would have been warranted that either a crime had or had not been committed, and/or that the Petitioner was or was not a victim of a crime and not excluded from eligibility by General Law 258A, §3 as an offender or accomplice or relative of the offender. Such findings would be in accord with the answers to interrogatories and other papers filed in the case including the Petitioner’s allegations of error as contained in his Claim of Appeal, which allegations go fundamentally to the weight, credibility and interpretation of evidence presented at the original hearing.
The gunshot wound suffered by the plaintiff might initially appear, contrary to the lower court’s finding, to qualify the plaintiff as one who “suffered personal injury” in consequence of the “application of force or violence” and thus as a victim of a violent crime within the literal definition of those terms set forth in G.L.c. 258A, §1. It is essential to note, however, that §1 distinguishes a victim from an “offender” who “commits the crime.” Said distinction is fundamental to the statutory scheme for recovery. The eligibility for compensation accorded to victims of violent crimes and their dependents under G.L.c. 258A, §3 is qualified by the proviso that “an offender or an accomplice of an offender ... shall not be eligible to receive compensation with respect to a crime committed by the offender.” The logical import of these words is to impose upon a petitioner the additional burden of proving that he was in no way responsible for the alleged crime which forms the basis of his c. 258A claim. Jones v. Commonwealth *131 of Massachusetts, Mass. App. Div. Adv. Sh. (1978) 409, 414. Thus the application of violence upon one’s own person resulting in self-inflicted wounds cannot be deemed a crime within the meaning of G.L.c. 258A. One who is the victim of self-inflicted wounds is thus not a victim of a violent crime under the statute.
As the evidence, affidavits and answers to interrogatories on file in this action constitute evidence susceptible of an inference that the plaintiffs gunshot wound was self-inflicted, the trial court’s subsidiary finding that the plaintiff was not a G.L.c. 258A victim of a violent crime must be sustained. Moreover, the trial court’s factual determination of this issue would stand even in the absence of such countervailing evidence. The plaintiff’s entire case was premised upon his testimony and that of his brother, an eyewitness to the alleged crime. The credibility of the witness and the weight to be accorded his testimony are matters resting within the sole province of the trial justice. See, e.g. Sanguinetti v. Nantucket Construction Co., 5 Mass. App. Ct. 227, 228 (1977); Astravaris v. Petronis, 361 Mass. 366, 367 (1972); Miles v. Caples, 362 Mass. 107, 114 (1972); Karas v. Levay, 38 Mass. App. Dec. 179, 187 (1967). Even testimony which is wholly uncontradicted may be disbelieved, Perry v. Hanover, 314 Mass. 167, 170 (1943); Maroni v. Brawders, 317 Mass. 48, 56 (1944); Godfrey v. Caswell, 321 Mass. 161, 162 (1967); and a disbelief of testimony essential to the satisfaction of a party’s burden of proof may result in a required finding against said party. See Lehan v. Edwin Case Shoe Co., 27 Mass. App. Dec. 224, 227 (1967).
Thus, as the trial court’s subsidiary findings may be sustained upon a rational view of the reported evidence, its judgment for the defendant must be affirmed, the burden being upon the party seeking relief under this statute to prove himself within its terms. Jones v. Commonwealth, Mass. App. Div. Adv. Sh. (1978) 409; Sullivan v. Quinlivan, 308 Mass. 339.