Banks, J.
This is an action pursuant to G.L. c. 258A in which the petitioner seeks statutory compensation as a victim of a violent crime.
The factual basis of the petitioner’s claim maybe outlined as follows: On the evening of December 9, 1983, the plaintiff had been out socializing with friends, a socialization which he testified involved the consumption of alcohol at a house party. The petitioner was driven to his home by a friend at approximately 11:30 P.M., and had a brief conversation with his mother who was preparing to leave for work. There was conflicting testimony as to the petitioner’s sobriety or lack thereof. The petitioner’s mother, Mrs. Jerry Kippen, stated at trial that her son was not intoxicated, while the petitioner admitted to investigators that he was “very drunk.” The petitioner left the house again within a few minutes of his arrival, saying that he had left his coat in his friend’s caránd hoped to retrieve it before his friends left the area. While on her way to work ten or fifteen minutes later, the petitioner’s mother found him lying by the roadside at the end of the street, and suffering from injuries to his head and chin. The petitioner has consistently maintained, both in statements to investigators and in testimony in the trial court, that he has absolutely no recollection of what happened to him on the evening in question.
Given the absence of direct evidence of the commission of a violent crime against him, the petitioner endeavored to establish a circumstantial case that he had been attacked and robbed. The petitioner introduced into evidence the report of a Sgt. Edward A. Hardy of the Gloucester Police Department. In this report, Sgt. Hardy described a “vague” statement made by one Dr. Dorff, who examined the petitioner on the day after his mishap, that Dorff “rule out [the petitioner] being struck by a motor vehicle, reasoning that other body parts would be marked other than the head.” Although Dorff felt that the petitioner’s injuries were consistent with his having been beaten, Dorff concluded that “only Mr. Burns could answer this question” of the cause of his injuries. Dr. Dorff did not testify at trial.
Sgt. Hardy was called as a witness by the petitioner. On the basis of Hardy’s eleven years as an investigator of motor vehicle accidents and criminal assaults, the petitioner attempted to qualify Hárdy as an expert witness on wounds in order to solicit his opinion as to the cause of the petitioner’s injuries. The trial court sustained the Commonwealth’s objection to Sgt. Hardy’s lack of qualification as a medical expert. An offer of proof advanced *120 by the petitioner indicated that Hardy would have testified that the petitioner’s neck and head injuries were not consistent with those found on motor vehicle accident victims and that a laceration on the petitioner’s neck was consistent with the type of knife wounds observed by Hardy in other cases.
The court also excluded certain testimony by Mrs. Kippen, the petitioner’s mother, as to a conversation she had with Dr. Dorff. An offer of proof indicated that Kippen would have attributed to Dr. Dorff a statement on the petitioner’s injuries substantially similar to the statement related by Sgt. Hardy in the police report already admitted into evidence.
Relative to the possibility that the petitioner was the victim of a robbery, there was evidence that his wallet was found empty on the night in question. Mrs. Kippen testified that it was common for her son to take $50.00 with him on Friday nights to purchase alcohol; and that it was unlikely, in her opinion, that he could have spent that amount at a house party on December 9,1983. No evidence was introduced as to the location of the wallet, the circumstances under which it was found or any expenditures made by the petitioner on the night at issue.
Judgment was entered for the respondent, Commonwealth of Massachusetts. The trial justice made subsidiary findings, which included the following:
At no time during the police investigation or during the hearing did the plaintiff offer any statement from which it could be reasonably inferred that he had been the victim of a crime.
No eyewitnesses were produced and despite observation and treatment of his injuries by several physicians, none were called by the plaintiff as witnesses to describe those injuries or establish, as experts, any relationship between the injuries and any act of violence which may have been visited on the person of the plaintiff....
No report of hospitals or physicians were offered during the hearing.
I find that the cause of the plaintiffs injuries can only be indulged in by conjecture and speculation and that the plaintiff burdened with the proof by a fair preponderance of the credible evidence that his injuries were incurred by him as the victim of a crime as defined by G.L. 258A, S.l, has failed to sustain the burden.
The petitioner is presently before this Division on a charge of error in the trial court’s exclusion of certain testimony; and in the court’s finding that the evidence was insufficient to warrant a fin ding for the petitioner as a matter of law.
1. There was no error in the trial court’s evidentiary rulings herein.
Rulel50(f)of the Dist./Mun. Cts. Supp. R. Civ. P., which exclusively governs the hearing of G.L. c. 258A claims for compensation, see Georgopoulos v. Commonwealth, 1983 Mass. App. Div. 129; Courtemarche v. Commonwealth, 1982 Mass. App. Div. 299, provides in relevant part that:
Rules of evidence, other than those pertaining to privilege of parties and witnesses, need not be observed in such hearings; evidence may he admitted and given probative effect only if, in the judgment of the court, it is the kind of evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs, (emphasis supplied).
The underscored terminology of this provision is permissive rather than mandatory in nature, and a certain flexibility is thereby afforded a trial justice *121 in dispensing with formal rules of evidence in G.L.c. 258A cases. Nevertheless, the trial justice herein was free, in the exercise of his judgment or discretion, to insist upon compliance with those evidentiary rules he deemed essential to restrict the admission of evidence to the type of reliable, trustworthy and material proof envisioned by Rule 150(f).
We discern no impropriety in the trial court’s exclusion of the proferred testimony of Sgt. Hardy or Mrs. Kippen. The statement that Mrs. Kippen would have attributed to Dr. Dorff as to a possible explanation for the petitioner’s injuries was substantially similar to the Dorff statement already introduced into evidence as part of Sgt. Hardy’s police report. No reversible error results from the exclusion of merely cumulative evidence. See Pina v. McGill Develop. Corp., 388 Mass. 159, 164 (1983); Ellingsgard v. Silver, 352 Mass. 34, 41 (1967); Rockport Granite Co. v. Plum Is. Beach Co., 248 Mass. 290, 295 (1924); Diaz v. Eli Lilly & Co., 14 Mass. App. Ct. 448, 451 n.7 (1982).
We have reviewed the excluision of Sgt. Hardy’s testimony in accordance with the general rule that:
Whether a witness who is called as an expert has the requisite knowledge and qualifications to enable him to testify is a preliminary question for the court. The decision of this question is conclusive, unless it appears upon the evidence to have been erroneous, or to have been founded on some error in law.
Louise Caroline Nursing Home, Inc. v. Dix Construct. Corp., 362 Mass. 306, 309 (1972). See also, Larabee v. Potvin Lumber Co., 390 Mass. 636, 643 (1983); Commonwealth v. Siano, 4 Mass. App. Ct. 245, 248 (1976). A trial justice enjoys a wide discretion in this area, the exercise of which is rarely disturbed on appeal. Muzi v. Commonwealth, 335 Mass. 101, 106 (1956). The foundation laid by the petitioner for Sgt. Hardy’s qualification as a wounds expert was limited to Hardy’s eleven years of police service in the area of motor vehicle accidents and criminal assaults. Although the witness possessed obvious investigatory qualifications, there was no compelling indication of his expertise in the area of physical injuries. One can obviously qualify as an expert in some areas and not in others. Venini v. Dias., 5 Mass. App. Ct. 695, 698-699 (1977). The absence of any evidence as to Sgt. Hardy’s knowledge of physiology or pathology sustains the trial justice’s refusal to permit this witness to render an opinion, as an expert, on the nature and cause of the petitioner’s injuries. See Commonwealth v. Seit, 373 Mass. 83, 91-92 (1977), (police ballistics expert not qualified to give opinion on extent or depth of gunshot wound and spinning effect on victim of bullet’s impact).
2. The burden of proof rested on the petitioner herein to establish his G.L. c. 258A eligibility for compensation as a victim of a violent crime.[1] Dixon v. Commonwealth, 1982 Mass. App. Div. 1; Mitchell v. Commonwealth, Mass. App. Div. Adv. Sh. (1978) 37, 40. The proper measure of that quantum of proof which will satisfy the claimant’s burden in a G.L. c. 258A case is the same standard operative in all civil cases; namely, a fair preponderance of the evidence. Shoulders v. Commonwealth, 1984 Mass. App. Div. 66, 69; Jones v. Commonwealth, Mass. App. Div. Adv. Sh. (1978) 409, 411-412.[2] “A proposition is proved by a preponderance of the evidence if it is made to appear more *122 likely or probable in the sense that actual belief in its truth, derived from the evidence, exists in the minds of the tribunal. . . ." King’s Case, 352 Mass. 488, 490 (1967).
The evidence advanced by the petitioner herein, viewed in its strongest light, indicates that in a time span of ten to fifteen minutes, the petitioner suffered very real injuries which were at least consistent with his having been beaten; and that at some point in the evening he may have spent, lost or had taken from him a sum of money. Upon this set of circumstances the petitioner argues, not implausibly, that he may well have sustained his injuries as the victim of robbery and assault and battery. In order to recover finder G.L. c. 258A, however, it is not sufficient that the claimant demonstrate merely that he might have been the victim of a violent crime. Evidence indicating that the commission of a crime was only “possible, conceivable or reasonable” does not prove such crime by a fair preponderance of the evidence. See DeFilippo’s Case, 284 Mass. 531, 534-535 (1933).
The trial justice herein employed the correct standard of proof, and properly ruled that the petitioner failed to adduce evidence sufficient to support a finding that a crime had been committed and that he was the innocent victim of that crime. In the absence of such evidence, the court properly held that the petitioner was not entitled to recovery under G.L. c. 258A, s. 3. See Georgopoulos v. Commonwealth, at 131.
3. There being no error, the report is dismissed.

 Eligibility is restricted under c. 258A, s. 3 to victims of violent crimes or their dependents.

 Although the precise phraseology utilized in Jones is “clear” preponderance, the term “clear” is used synonymously therein with “fair.” No inference should be drawn that this Division intended in Jones to create an intermediate evidentiary standard in c. 285A cases greater than a fair preponderance, but less than clear and convincing proof. No such standards exists in law.