Sherman, P.J.
This is an action to recover G.L.c. 258A, §3(c) compensation for expenses incurred for the funeral of the petitioner’s brother, William Dangora, who was the victim of a fatal violent crime.
It is undisputed that on September 20,1990, William Dangora (“Dangora” or “the victim”) was shot and killed by one Roger Tremblay (‘Tremblay” or “the offender”) in Tremblay’s home, that Tremblay was arrested at the scene and later charged with murder, and that Tremblay eventually pleaded guilty to manslaughter.
It is equally uncontested that the petitioner has incurred out-of-pocket expenses for his brother’s funeral in an amount well in excess of the G.L.c. 258A, §5 threshold eligibility requirements for statutory compensation. See Dixon v. Commonwealth, 1982 Mass. App. Div. 1.
The petitioner commenced this action on March 4,1991. Pursuant to G.L.c. 258A, §4, the Attorney General obtained copies of preliminary police reports of the crime scene made on the night in question in which it was tentatively concluded that Dangora was killed sometime after he had broken and entered into Tremblay’s house.
On the strength of these preliminary police reports and an erroneous interpretation of the G.Lc. 258A statutory scheme, the Attorney General filed a Dist./Mun. Cts. Supp. R. Civ. P., Rule 150(d) Report recommending chat the petitioner’s claim for funeral expenses be denied because his brother was not a victim, but an “offender” who had engaged in criminal activity contributing to his death which rendered the petitioner ineligible for statutory compensation.
The Dist/Mun. Cts. Supp. R. Civ. P., Rule 150(f) hearing conducted by the trial court entailed a review of the petitioner’s claim and the Attorney General’s Report, as well as “oral arguments” by both parties.[1] The court expressly rejected the Attorney General’s Report, and entered judgment for the petitioner in the full amount of the $2,000.00 compensation recoverable for funeral expenses under G.L.c. 258A, §3 (c).
The Commonwealth thereafter filed a motion for reconsideration which was heard and denied by a second judge of the trial court. Upon the denial of its motion, the Commonwealth filed a Dist./Mun. Cts. Supp. R. Civ. P., Rule 150(h) claim of appeal *146 to this Division.
1. The Attorney General’s report to the trial court and appeal to this Division are based on a single legal argument predicated on out-dated law, and an erroneous assessment of the probative weight of the only item of evidence it has presented.
The Attorney General’s principal contention that the petitioner is ineligible as a matter of law for G.L.c. 285A compensation is based on the following pre-1985 statutory grounds:
An offender or... a member of the family of an offender... shall in no case be eligible to receive compensation with respect to a crime committed by the offender [emphasis supplied in Attorney General’s brief].
The G.L.c. 258A,' §3 language cited by the Attorney General has, however, been twice amended by the Legislature in the last eight years. The second amendment in 1990, which became effective well before the commencement of this action and even prior to the victim’s death, rewrote the language of the Section 3(e) eligibility restrictions as follows:
An offender . . . shall be not be eligible to receive compensation with respectto a crime committed by the offender. A claimant shall notbe eligible for compensation if such compensation would unjustly benefit the offender. A claimant shall be eligible for compensation only if the claimant cooperates with law enforcement in the investigation and prosecution of the crime in which the victim was injured, unless the claimant demonstrates that he or she possesses or possessed a reasonable excuse for failing to cooperate.
Under existing law, therefore, neither the petitioner in this case, nor even a family member or dependent of an actual “offender,” is automatically ineligible for G.L.c. 258A compensation.[2]
2. Also predicated on pre-1985 law and equally devoid of merit is the Commonwealth’s related contention that the deceased victim is an “offender” for G.L.c. 258A purposes because he allegedly engaged in criminal conduct which contributed to his death. Such argument, as it pertains to current Section 3 (e) eligibility restrictions, is at best irrelevant for the obvious reason that the statuto2y claim at issue was filed not by the deceased victim, but by his brother.
Nor do the facts of this case explain the Commonwealth’s misapplication of the unambiguous statutory terms “victim” and “offender.” See G.L.c. 258A, §1. The Attorney General has indeed conceded that the actual homicide committed by Tremblay, and the alleged breaking and entering purportedly committed by the deceased, were two distinct crimes, and that the deceased was a victim of manslaughter. Common sense alone militates against any characterization of the deceased victim as the perpetrator of his own homicide.
The Commonwealth’s confused analysis derives from its failure to distinguish between the crime which directly causes the injuries or death of a victim (and the *147 resulting out-of-pocket expenses or loss of support for which G.L.c. 258A compensation is sought) from other criminal conduct in which a victim may have been engaged. A person who suffers injuries or death as a direct result of the criminal “application of force or violence” upon him by another remains a G.L.c. 258A “victim” for statutory purposes. Where such victim engaged in criminal or any conduct which contributed to, but did not proximately cause, his injuries or death, the statutory compensation recoverable by him or his dependents may be reduced proportionately by the degree of his contributory fault. G.L.c. 258A, §6. However, such contributory fault, and the resulting restriction or elimination of his statutory recovery, do not transform a “victim” into an “offender” as those terms are utilized in G.L.c. 258A.[3]
3. Whether or to what extent the deceased victim engaged in criminal conduct which contributed to his death was a question of factfor the trial court herein. The only evidence material to such issue which was advanced by the Commonwealth was the information set forth in the preliminary police reports. Such information raises a reasonable, but not conclusive, inference that the victim was engaged in the commission of a crime at the time he was killed. Contraiy to the Commonwealth’s arguments, these reports were not binding on the trial court for a trier of fact remains free to disregard even uncontroverted evidence. Piemonte v. New Boston Garden Corp., 377 Mass. 719, 733 (1979); Daniel v. Jardin, 320 Mass. 764 (1947). It remained permissible, therefore, for the trial judge to have drawn inferences consistent with the police report conclusion that the victim had illegally entered the Tremblay house, or to have rejected such inferences upon a contrary finding of fact that the victim was not engaged in criminal conduct at the time of his death.[4]
4. On the basis of the foregoing, it is clear that the trial judge’s decision not to accept the Attorney General’s report and his judgment for the petitioner may have been properly based on either the court’s factual finding that the victim did not commit a crime which contributed to his death, or upon legal rulings dismissing the erroneous propositions of law advanced by the Commonwealth. However, the actual basis of not only the court’s judgment, but also its assessment and award of damages in the maximum amount permitted by statute, remain conjectural on this record as the trial judge failed to make explicit findings and rulings. In the absence thereof, we are compelled by the legislative mandates of G.L.c. 258A, §6 to order a new hearing.
*148 Section 6 of G.L.c. 258A requires, in pertinent part, that all decisions on victim of violent crime claims “shall be in writing” and shall set forth not only the name of the claimant and amount of compensation awarded, but also, and most importantly, “the reasons for the decision.” The trial court’s failure to make written findings and rulings herein was error, and precludes any determination on this appeal that the trial judge properly complied with the additional Section 6 requirement for calculating the amount of recoverable compensation. The statute mandates:
In determining the amount of compensation payable, the court shall determine whether because of his conduct the victim contributed to the infliction of his injury; and the court shall reduce the amount of the compensation or deny the claim altogether, in accordance with such determination. ...
Although the trial judge remained free to disregard inferences that the deceased victim had committed a breaking and entering which contributed to his subsequent death, we cannot be certain on the state of the record, and in view of the Commonwealth’s erroneous legal arguments, that the judge considered the victim’s conduct in calculating the amount of compensation awarded to the petitioner.
Accordingly, the trial court’s judgment for the petitioner is vacated. This case is returned solely for the purposes of anewDist./Mun. Cts. Supp. R. Civ. P., Rule 150(f) hearing and the entry of written findings consistent with the statutory analysis contained herein that the petitioner is not precluded as a matter of law from an award under the statute.
So ordered.

 This limited information about the trial court hearing was gleaned from the parties’ oral arguments on this appeal. Although the pro se petitionerprovided the trial court with information about, inter alia, the criminal proceedings againstTremblay and his plea of guilty to manslaughter, the petitioner could not recall whether he testified or simply made unsworn statements. No summary of the trial court hearing is setforth in the Dist./Mun. Cts. Supp. R. Civ. P., Rule 150 (h) report to this Division, which, regrettably, is in form and substance nothing more than an appellate brief for the Attorney General.

 Moreover, when examined in the light of current law, there is nothing in the limited record before us to require afinding that the petitioner was ineligible to recover on his claim. The report is devoid of even a suggestion that the petitioner was an offender; that monetary relief from funeral bills incurred and now owed by the petitioner would in any way benefit Tremblay, the offender; or that even if the petitioner had any information relevant to his brother’s death, he failed to cooperate with law enforcement agencies. Although the petitioner hears the burden of proving G.L. C.258A eligibility, the burden on this appeal of demonstrating error in the trial court’s judgment rested on the Commonwealth. See, generally, Tomagno v. Leshay, 348 Mass. 772 (1964); Foster v. Bartolomeo, 31 Mass. App. Ct. 592, 593 (1991). Clearly, that burden has not been sustained on the basis of the Commonwealth’s G.L. C.258A, §3 eligibility arguments.

 Even a person who has suffered violent injury or death which was self-inflicted in the course of conduct which could be deemed criminal is not an “offender” under the statute. Such person’s claim for statutory compensation would be denied instead because that person was not a G.L.c. 258A “victim” of a violent crime perpetrated by an “offender”. See, e.g., Marshall v. Commonwealth, 413 Mass. 593 (1992) (petitioner’s daughter, who died from self-inflicted overdose of illegal drugs, was not the victim of a crime of force or violence by a third- party “offender” and was thus not a G.L.C. 258A, §1 “victim”); Georgeopoulos v. Commonwealth, 1983 Mass. App. Div. 129 (petitioner who sustained self-inflicted gunshot wounds was not a G.L.c. 258A “victim”).
The Commonwealth’s argument is also based to some extent on a misapplication of the “innocent victim” language of Georgeopoulos and other pre-1985 cases which interpreted former G.L.c. 258A eligibility requirements, and on certain “public policy” and “legislative intent” arguments which again overlook the Legislature’s amendments of G.L.c. 258A §3. The short answer to such arguments is the general rule that the best guide to legislative intent is the language of the statute itself. See generally, Sterilite Corp. v. Continental Casualty Co., 397 Mass. 837, 839 (1986). Pacific Wool Growers v. Commissioner of Corp. & Tax., 305 Mass. 197, 198-199 (1940).

 The police reports in question were merely preliminary, and based in part on statements made by the offender at the scene to establish self-defense as the reason for the shooting. The police reports expressly note that there was “evidence that suggested that the shooting DID NOT occur as the defendant [offender Tremblay] suggested [emphasis in original].” The tentative conclusion that the victim was an unlawful intruder was premised on the fact that he was wanted for other undisclosed crimes, and on initial police impressions of physical evidence only later subjected to chemical analysis, and finger print, ballistics, pathology and other scientific testing. Test results were never submitted to the trial court.