O’Shea, J.
The plaintiff, Irene Small (“Small”), has appealed the summary judgment entered against her on her claim for personal injuries resulting from the alleged negligence of the defendant, Maxi Drug, Inc. (“Maxi Drug”), doing business as Rite Aid Pharmacy. Small contends that when viewed in the light most favorable to her, as the nonmoving party, the summary judgment materials indicate the existence of a genuine issue of material fact warranting a trial of this case. We agree, and vacate the summary judgment entered for Maxi Drug and the allowance of its Mass. R. Civ. R, Rule 56 motion.
Small’s complaint alleges that she sustained personal injuries when she fell just outside of Maxi Drug’s Rite Aid Pharmacy store in Stoughton on January 3, 2008. Maxi Drug moved for summary judgment on the ground that, as a matter of law, Small was unable to prove the elements of duty of care and breach of that duty essential to her negligence claim because she “fell at least four feet from the entrance of the defendant’s store after being startled by the presence of two boys on scooters in the entry vestibule of the store.” The summary judgment materials before the trial court, including the parties’ “summary of undisputed facts,” indicate the following: On the date in question, Small approached the Rite Aid Pharmacy with the intention of entering the front door of the store. When the automatic front door opened, it revealed two boys. Those boys were either on, or actually riding, small foot-powered scooters at the time Small observed them in the entrance vestibule. Small was startled by the boys on their scooters, fell, and was injured. It is undisputed that immediately prior to Small’s fall, the boys had been riding the scooters in the aisles of Maxi Drug’s store, and had been asked to leave by store personnel; that Maxi Drug’s store manager, Adam Collins (“Collins”), was on duty at the time of Small’s fall; and that Collins admitted that the store was aware of the boys’ activities in the store. It is also undisputed that there was a video surveillance system in the store with multiple cameras recording on one tape; that Collins removed the tape at the time of Small’s fall, wrote “hold for loss prevention, do not discard” on it, and put the tape on a shelf in his office; and that the tape has now been reported as missing by Maxi Drug.
In allowing Maxi Drug’s summary judgment motion, after hearing, the judge stated that “the Court finds that even if the two boys on the scooters were an unreason *81 ably dangerous hazard, the boys did not even come in contact with the Plaintiff. And even if they had, the Court finds that the Defendant did not create or allow the purported hazard to exist on the property.”
Under well-settled law, “[t]he standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.” Allmerica Fin. Corp. v. Certain Underwriters at Lloyd’s, London, 449 Mass. 621, 627-628 (2007), quoting Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). “An order granting or denying summary judgment will be upheld if the trial judge ruled on undisputed material facts and his ruling was correct as a matter of law.” Id. at 628, quoting Commonwealth v. One 1987 Mercury Cougar Auto., 413 Mass. 534, 536 (1992). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989); and “[a]ny doubts as to the existence of a genuine issue of material fact are to be resolved against the party moving for summary judgment.” Lev v. Beverly Enterprises-Massachusetts, Inc., 457 Mass. 234, 237 (2010), citing Attorney Gen. v. Bailey, 386 Mass. 367, 371 (1982). Thus, in reviewing the parties’ summary judgment materials in this case, we draw all logically permissible inferences and resolve all factual ambiguities or uncertainties in Small’s favor. Willitts v. Roman Catholic Archbishop of Boston, 411 Mass. 202, 203 (1991).
Maxi Drug argues, correctly, that “ [t]he determination of the existence of a legal duty is a question of law.” It is clear as a matter of law that Maxi Drug owed to Small, as an invitee, a duty of due care to maintain its business premises “provided for the use of its patrons in a reasonably safe condition, or at least to warn them of any dangers that might arise from such use, which are not likely to be known to them, and of which the defendant knows or ought to know.” Thurlow v. Shaw’s Supermarkets, Inc., 49 Mass. App. Ct. 175, 176 (2000), quoting Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 167 (1973). See also Benjamin v. O’Connell & Lee Mfg. Co., 334 Mass. 646, 649 (1956). Maxi Drug’s duty of care obviously extended to the maintenance of a reasonably safe store entranceway. See, e.g., Demirdjian v. Star Mkt. Co., 1980 Mass. App. Div. 43, 44. Further, it is undisputed that the boys were riding scooters in the store aisles immediately prior to Small’s fall; that Maxi Drug’s employees, including Collins, the store manager, knew of the boys’ activity; and that Maxi Drug asked the boys to leave the store. Absent from the record is any evidence that Maxi Drug supervised the boys’ departure or took any steps to prevent a continuation of the danger posed by the boys riding their scooters out the door into the path of entering customers. It was during the process of the boys’ departure from the store on their scooters that Small allegedly became startled and fell. The record includes Small’s deposition testimony that the boys, who were leaving the store at the time she was attempting to enter, “were coming at me. They were really moving on those scooters.”
Moreover, the now missing store videotape raises an issue as to the spoliation of evidence. The record is clear that a video existed at the time of the alleged incident, that Maxi Drug’s store manager marked the tape to be preserved, and that there is no explanation for the fact that the tape is now missing. Maxi Drug clearly recognized its duty to preserve the videotape. In accordance with the doctrine of spoliation of evidence, when material evidence is lost or destroyed by a party, judges in *82 civil cases have discretion to impose sanctions. Shaw v. Yellin, 2008 Mass. App. Div. 141, 144. See also Keene v. Brigham & Women’s Hosp., Inc., 439 Mass. 223, 234 (2003). ‘The doctrine is based on the premise that a party who has negligently or intentionally lost or destroyed evidence known to be relevant for an upcoming legal proceeding should be held accountable for any unfair prejudice that results.” Keene, supra at 234. In this case, Maxi Drug’s loss of the videotape could warrant the imposition of sanctions in the discretion of a trial judge. More importantly, as it may be reasonably inferred that the videotape would have been relevant to Small’s negligence claim, the adverse inference arising from Maxi Drug’s loss of the tape could properly be argued to a jury.
Thus, based on the facts advanced by Small and all reasonable inferences to be drawn from those facts, Small has established a triable claim of negligence based on Maxi Drug’s legal duty to her as an invitee who was about to enter its store, and its breach of that duty in not removing a potential danger in the entrance to its business premises.
The summary judgment entered for the defendant, Maxi Drug, Inc., and the allowance of the defendant’s motion for summary judgment are vacated. This action is returned to the Dedham Division of the District Court Department for trial.
So ordered.